**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| DERRICK NICHOLS | ) | |
| Plaintiff, | ) | 3:11-cv-00124-LRH-VPC |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF U.S. MAGISTRATE JUDGE** |
| MICHAEL J. ASTRUE, *et al.*, | ) | |
| Defendants. | ) | February 29, 2012 |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is defendant's motion to dismiss (#9).[1] Plaintiff opposed (#15)[2] and defendant replied (#17). For the reasons set forth below, the court recommends that defendant's motion to dismiss (#9) be granted.

### I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Derrick Nichols ("plaintiff") filed an application for Social Security Disability Insurance Benefits under Title II of the Social Security Act and for Supplemental Security Income under Title XVI of the Act on June 22, 2007 (#9, Ex. 1). Plaintiff alleged disability based on a herniated disc of the cervical spine, lumbar strain, and traumatic brain injury. *Id*. at 19. On August 21, 2009, an Administrative Law Judge ("ALJ") L. Kalei Fong denied plaintiff's claims for disability benefits and supplemental security income (#9, Ex. 1). Plaintiff requested administrative review, but the Social Security Administration Appeals Council ("Appeals Council") denied review in a letter dated December 9, 2010, which rendered the ALJ's decision final (#9, Ex. 2). Having exhausted all administrative remedies, plaintiff filed a complaint for judicial review on February 17,

---

[1]  Refers to the court's docket number.

[2]  Plaintiff also filed a supplement to his opposition (#16).

2011 (#1 (*sealed*)). In his complaint, plaintiff states that the Appeals Council denied his request for review on December 21, 2010, and that his complaint is timely. *Id*. at 4.

Defendant moves to dismiss plaintiff's complaint and argues that plaintiff's action is time-barred (#9). Defendant states that plaintiff filed his lawsuit "70 days after the agency mailed the Appeals Council's notice." *Id*. at 2. Defendant includes Marian Jones's declaration which states that the Appeals Council denied plaintiff's request for review on December 9, 2010. *Id*. at 6. Marian Jones is the Acting Chief of Court Case Preparation in the Office of Appellate Operations for the Social Security Administration ("SSA"). Defendant also attaches the Appeals Council notice dated December 9, 2010. *Id.* at Ex, 2. Defendant states that assuming plaintiff received the denial notice five days later on December 14, 2010, plaintiff was required to commence a civil action on or before February 14, 2011, sixty days after receiving the notice of denial. *Id*. at 3.

Plaintiff opposes and argues that he did not receive the Appeals Council's notice of denial until December 21, 2010 (#15, p. 2). Plaintiff attaches an entry from Disability Action Advocates's computer log that states that they received the notice of denial on December 21, 2010. *Id*. at Ex. 1. Plaintiff attaches the declaration of Courtney O'Connor, an employee at Disability Action Advocates, which states that she opened the Appeals Council's notice of denial on December 21, 2010. *Id*. at Ex. 2. Plaintiff also argues that the court should apply the doctrine of equitable tolling to his complaint (#16). Plaintiff states that his complaint was not filed within sixty days because of the "Administration's unreasonable delay between drafting and mailing the denial." *Id.* at 2.

Defendant replies that plaintiff "has failed to provide reasonable evidence to rebut the presumption that he received notice within five days of December 9, 2010" (#17, p. 3). Defendant also argues that equitable toling does not apply because it is unsupported by evidence and has no merit. *Id*. at 5.

**II. DISCUSSION & ANALYSIS**

**A.    Discussion**

**1. Motion to Dismiss Standard**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain

statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 1955.

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court employs to a two-pronged approach. *Id.* First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* In other words, for the nonmovant to succeed, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

The defense of the statute of limitations may be raised by a motion to dismiss "if the running of the statute is apparent on the fact of the complaint." *See Jablom v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). "If the defense does not appear on the face of the complaint and the trial court is willing to accept matters outside of the pleadings, the defense can still be raised by a motion to dismiss accompanied by affidavits." *Id.*; *see also Rivera v. Secretary of Health and Human Services,* 1994 WL 594739 at *1 (9th Cir. 1994).

**2. Social Security Law - Timeliness of Complaint**

The Social Security Act provides for limited judicial review of final decisions of the Commissioner of Social Security ("commissioner") within sixty days of the date the commissioner mails the final decision. 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner ... may allow."). "Mailing" is defined as the date the individual receives the notice of denial of request for review, or five days after the date of the notice, unless

there is a reasonable showing to the contrary. 20 C.F.R. § 422.210(c). The sixty-day time limit is not jurisdictional, but is instead a statute of limitations which may be waived. *Weinberger v. Salfi*, 422 U.S. 749, 763-64 (1975). While the Court has held that the sixty-day time limit must be strictly construed, it has also concluded that the statute permits equitable tolling of the statute of limitations. *Bowen v. City of New York*, 476 U.S. 467, 479-80 (1986). This is so because "Congress designed [the SSA] to be 'unusually protective' of claimants." *Id*. at 480.

The time requirements "are based on considerations of fairness to claimants," and as such, the commissioner may grant an extension where a suit was not timely filed due to "illness, accident, destruction of records, or mistake." *Id*. at 480, n.12. Extensions may also be granted "where the claimant misunderstands the appeal process or is unable timely to collect necessary information, or where the Secretary undertook action that 'misled' the claimant concerning his right to review." *Id*. Additionally, the regulations state that late filings are permitted upon a showing of "good cause." 20 C.F.R. § 422.210(c). Examples of what constitutes "good cause" include, but are not limited to, serious illness, death or serious illness of an immediate family member, the destruction of important records by fire or other accidental cause, inability to locate information necessary to support your claim, incomplete information concerning how to request review, or failure to receive notice. 20 C.F.R. § 404.911(b).

**B.     Analysis**

Defendant argues that plaintiff failed to file his complaint prior to the sixty-day time limit allowed by statute, and further contends that no good cause exists to equitably toll the time limitation (#9). *See* 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner ... may allow."). "Mailing" is defined as the date the individual receives the notice of denial of request for review, or five days after the date of the notice, unless there is a reasonable showing to the contrary. 20 C.F.R. § 422.210(c). The date at issue here is the date plaintiff or plaintiff's counsel received the Appeals Council's notice of denial. The government is entitled to

4

a rebuttable presumption that the claimant received the notice of decision five days after the date on the notice unless the claimant makes a "reasonable showing to the contrary." 20 C.F.R. § 422.210(c); *Vernon*, 811 F.2d at 1277.

Here, defendant supplies the court with evidence that the Appeals Council's notice of denial is dated December 9, 2010, and that the Appeals Council sent the notice on December 9, 2010 (#9, Ex. 2; #9, p. 8). Thus, it is presumed that plaintiff received the notice five days later on December 14, 2010. *See* 20 C.F.R. § 422.210(c). Accordingly, plaintiff needed to commence his civil action sixty days thereafter, or by February 12, 2011. Plaintiff filed his complaint on February 17, 2011, five days beyond the statutory time limit.

Plaintiff contends that his complaint is timely because he received the Appeals Council's denial notice on December 21, 2010. In support of his contention, plaintiff submits a computer log entry maintained by Disability Action Advocates and Ms. O'Connor's declaration stating that Disability Action Advocates received the denial notice on December 21, 2010. Plaintiff fails, however, to provide the court with extrinsic evidence of the Appeals Council's notice, which would allow the court to determine when the notice was postmarked. Instead, plaintiff's counsel states that he "has canvassed his office and thoroughly reviewed all documents in this file, and has not been able to locate the Appeals Council's denial of Request for Review" (#15, p. 2). Ms. O'Connor's declaration states that "it was [her] common practice to open the mail and enter it into the computer system" and that the computer log shows that she received the Appeals Council denial on December 21, 2010. However, plaintiff does not provide the court with any concrete evidence that he did not receive the denial notice until December 21, 2010. The affidavit and computer entry log solely show that Ms. O'Connor opened the notice and entered it into the computer system on that day.[3]

Bare allegations of mail service delay or allegations that the government did not send the notice in a timely fashion are insufficient to overcome the presumption accorded to the Secretary

---

[3] It is possible that the letter arrived to Disability Action Advocates on or before December 14, 2010, but that Ms. O'Connor did not personally receive it until December 21, 2010. Even if plaintiff attempts to argue that Ms. O'Connor personally retrieved the mail on that day, this alone is insufficient to rebut the presumption.

5

under the regulations. *See Rivera v. Secretary of Health and Human Services*, 1994 WL 594739 at *1 (9th Cir. 1994); *see also McCall v. Bowen*, 832 F.2d 862, 864-54 (5th Cir. 1987) (affidavits of plaintiff and counsel claiming that they did not receive notice of decision until over two months after the date it was mailed were insufficient to rebut presumptive date of receipt).[4]  While the court presumes that the affidavit plaintiff's counsel submits was made in good faith, this alone cannot rebut the presumption that plaintiff did not receive the Secretary's notice within five days of the date of mailing.  The government submits sufficient evidence that the Secretary sent plaintiff notice and that plaintiff should have promptly received that notice.  Plaintiff fails to provide the court with concrete or extrinsic evidence to the contrary.

Further, the Appeals Council's denial notice explicitly advised plaintiff, "We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period" and that if a recipient could not file for court review within the sixty days, he should "ask the Appeals Council to extend [his] time to file" (#9, Ex. 2).  Plaintiff did not notify the Appeals Council that he received the letter more than five days after it was dated, nor did he request an extension.

In the alternative, plaintiff contends that even if his action is untimely, the statute of limitations should be equitably tolled (#16).  Equitable tolling applies where there are extraordinary or egregious circumstances. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 98 (1990).  Plaintiff has not established that the government should be estopped from asserting the statute of limitations defense. *See Heckler v. Community Health Servs.*, 467 U.S. 51, 59-61 & nn. 12, 13 (1984) (indicating that estoppel may lie against the government if the traditional elements of estoppel are present and there is government "misconduct' or "deception"); *id*. at 67.  Plaintiff points to no "equities in favor of tolling the limitations period [that] are so great that deference to the agency's judgment is inappropriate." *See Bowen*, 476 U.S. at 480.  The court concludes that plaintiff did not

---

[4]  Cases throughout the circuit courts have held that denying the timely receipt of the notice is insufficient, standing alone, to extend the period for filing a lawsuit. *See, e.g.*, *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 436-37 (6th Cir. 2007); *Garcia v. Comm'r of Soc. Sec.*, 53 F. App'x 192, 194-95 (3d Cir. 2002); *Velez v. Apfel*, 229 F.3d 1136, 2000 WL 1506193, at *1-2 (2d Cir. 2000); *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997).

file his action within the sixty-day requirement and that defendant's motion to dismiss should be granted.

### IV.  CONCLUSION

Based on the foregoing, the court concludes that defendant's motion to dismiss (#9) should be **GRANTED** and plaintiff's complaint should be **DISMISSED with prejudice**.  The parties are advised:

1.   Pursuant to 28 U.S.C.  § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.   This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendant's motion to dismiss (#9) should be **GRANTED** and plaintiff's complaint should be **DISMISSED with prejudice**.

**DATED**: February 29, 2012.

_____
**UNITED STATES MAGISTRATE JUDGE**